Kathy RANCOURT, et al., Plaintiffs,

v.

Kevin CONCANNON, Commissioner, Maine Department of Human Services, and Lynn Duby, Commissioner, Maine Department of Mental Health, Mental Retardation and Substance Abuse Services, Defendants.

No. CIV.01–159–B–C.

United States District Court,
D. Maine.

May 8, 2002.

William C. Knowles, Verrill & Dana, Portland, ME, Peter M. Rice, Esq., Augusta, ME, for plaintiffs.

Jane B. Gregory, Esq., Andrew S Hagler, Assistant Attorney General, Augusta, ME, for defendants.

## MEMORANDUM OF DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

GENE CARTER, District Judge.

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 to address violations of the

---

Medicaid Act, 42 U.S.C. §§ 1396 *et seq.* Specifically, Plaintiffs allege that the State of Maine, in violation of its obligations under federal and state law, has continually failed to provide necessary Medicaid services in a "reasonably prompt" manner as required by federal law. 42 U.S.C. § 1396a(a)(8). Plaintiffs seek to certify a class composed of

> All developmentally disabled individuals who: (1) are current or future recipients of Medicaid in the State of Maine; (2) are no longer entitled to receive benefits and services through the Maine public school system; (3) are eligible to receive intermediate care facilities and/or other services for the mentally retarded, or care under the home and community based waiver program, under Maine's Medicaid program in a "reasonably prompt" manner; and (4) are not receiving those services to which they are entitled to in a "reasonably prompt" manner.

Defendants oppose the certification. The Court will grant Plaintiffs' request for class certification.

A class may be certified only if the proposed class satisfies the requirements of Fed. R.Civ.P. 23(a). Rule 23(a) requires for certification:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Additionally, those seeking declaratory and injunctive relief, as Plaintiffs are here, must satisfy Rule 23(b)(2), which states that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

**A. Numerosity**

■ The first requirement of Rule 23(a) is that the class be so numerous that joinder of all members is impracticable. Fed. R.Civ.P. 23(a)(1). Plaintiffs allege that the proposed class consists of the over 1,000 individuals alleged to be waiting on multiple lists for Medicaid services in Maine and individual joinder would be impractical given Plaintiffs' health and financial circumstances. Defendants challenge the numerosity requirement by claiming that the lists cannot be aggregrated because the same individuals' needs may be reported on more than one list and, therefore, that the Court should consider the waiting list with 555 individuals on it as the maximum size of the class. Whether the Court considers the class to consist of 555 individuals or 1,000 individuals, the size of the class makes it impractical to join the individual Plaintiffs. In addition, since this is an action for declaratory and injunctive relief against a government policy, the Court may also consider persons who might be injured in the future in the class. *See* 1 Newberg, H. and Conte, A., Newberg on Class Actions, § 3.07 (3d ed.1992). Defendants also challenge the numerosity of the class on the basis that Plaintiffs have submitted no evidence of how many of the 1,000 individuals actually claim that they are eligible but not receiving home— and community–based waiver services. The class here is defined more broadly than individuals eligible for home-and community-based waiver program to include individuals "eligible to receive intermediate care facilities and/or other services for the mentally retarded, or care under the home and community based waiver program." The Court is satisfied that the number of Plaintiffs is sufficient to satisfy the numerosity requirement of Rule 23(a).

**B. Commonality and Typicality**

■ The second and third prongs of Rule 23(a) require Plaintiffs to demonstrate that "there are questions of law or fact common to the class" and that "the claims or defenses of the representative parties are typical of the claims of the class." Defendants argue there is neither commonality nor typicality here because of the unique profile and circumstances of each Plaintiff which require varying support services and no common harm. Moreover, Defendants assert that

what constitutes "reasonable promptness" requires a case-by-case analysis and that the named Plaintiffs are not typical because the time they have been on waiting lists varies. The commonality and typicality prerequisites mandate only that complainants' claims be common, and not in conflict, but not necessarily identical. While there is variation in the specifics of their individual medical circumstances, Plaintiffs do not allege that they have suffered isolated difficulties, but rather, that they face systemic barriers to receiving services. Plaintiffs allege that, due to the policies and practices of Defendants in administering the system, they have been, and will continue to be, denied access to Medicaid services. This common fact pattern gives rise to common legal issues, alleging violations of the Medicaid Act and its implementing regulations. "In government benefit class actions, the typicality requirement is generally satisfied when the representative plaintiff is subject to the same statute, regulation, or policy as class members." 5 Newberg, H. and Conte, A., NEWBERG ON CLASS ACTIONS, § 23.04. The Court finds the claims of the named Plaintiffs and the proposed class share a common legal theory that adults eligible for services are not being provided such services with "reasonable promptness."

## C. Adequacy of Representation

Rule 23(a)(4)'s requirement of adequate representation has three elements. The Court must inquire whether the named Plaintiffs have the ability and the incentive to represent the claims of the class vigorously, that they have obtained adequate counsel, and that the named Plaintiffs do not have interests adverse to the class. *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir.1985). Defendants do not challenge that counsel for Plaintiffs are sufficiently skilled to represent the interests of the class. The Court has already determined that Plaintiffs' claims do not conflict with those of the proposed class members; to the contrary, they state common legal theories. Finally, the Court determines that the named Plaintiffs will strongly represent the class.

## D. Defendants Acted on Grounds Generally Applicable to the Class

Plaintiffs seek declaratory and injunctive relief for the class as a whole to remedy the Defendants' practice of placing eligible individuals on a waiting list for services. Insofar as Defendants' actions are applicable to the class as a whole, Plaintiffs argue that relief with respect to the class as a whole is appropriate. As the First Circuit has explained, if injunctive or declaratory relief is appropriate with respect to the whole class, certification is proper. *See Dionne v. Bouley*, 757 F.2d 1344, 1356 (1st Cir.1985).

Accordingly, the Court **ORDERS** that the following class be, and it is hereby **CERTIFIED**:

All developmentally disabled individuals who: (1) are current or future recipients of Medicaid in the State of Maine; (2) are no longer entitled to receive benefits and services through the Maine public school system; (3) are eligible to receive intermediate care facilities and/or other services for the mentally retarded, or care under the home and community based waiver program, under Maine's Medicaid program in a "reasonably prompt" manner; and (4) are not receiving those services to which they are entitled to in a "reasonably prompt" manner.